NO. 07-10-00448-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 8, 2010

VIRGIL LYNN SPENCER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 20,237-A; HONORABLE DAN L. SCHAAP, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On April 15, 2009, appellant, Virgil Lynn Spencer, was placed on deferred adjudication community supervision for a period of five years relating to three charges of aggravated assault with a deadly weapon. The State filed a motion to revoke order granting unadjudicated probation on February 9, 2010. Following a hearing on the State's motion, appellant was convicted of each of the three counts of aggravated assault with a deadly weapon. On September 1, 2010, appellant was sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of six years for each count, with the sentences to run concurrently. On October

7, 2010, appellant filed a document that expressed his desire to appeal from the judgment adjudicating appellant's guilt. [1] We dismiss for want of jurisdiction.

Unless certain post-judgment motions are filed, a defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. TEX. R. APP. P. 26.2(a). The Texas Rules of Appellate Procedure provide for a 15-day extension in which to file a notice of appeal if it is accompanied by a motion for extension of time. TEX. R. APP. P. 26.3. While appellant's notice of appeal was filed within this 15-day period, it was not accompanied by a motion for extension of time to file notice of appeal that complied with Rule 10.5(b). See TEX. R. APP. P. 26.3. As such, this Court is without jurisdiction over this appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Accordingly, the purported appeal is dismissed for want of jurisdiction.[2]

Mackey K. Hancock
Justice

Do not publish.

---

[1] Appellant's letter complies with the requirements of a notice of appeal and this Court has deemed it sufficient notice of appeal. See TEX. R. APP. P. 25.2(c).

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007).